Robert F. Brennan (CSBN 132449)
Attorney at Law
LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
3150 Montrose Avenue
La Crescenta, California 91214

Telephone:  (818) 249-5291
Facsimile:  (818) 249-4329
Email:  rbrennan@brennanlaw.com

Attorneys for Plaintiff MENDE LEONE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENDE LEONE,<br><br>             Plaintiff(s),<br><br>   vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al,<br><br>             Defendants. | Case No.:   2:16-cv-03057 PSG (SKx)<br><br>Hon. Philip S. Gutierrez<br><br>JOINT REPORT RE EARLY MEETING OF COUNSEL<br><br>[Fed. R. Civ. P. 26(f); Local Rule 26-1]<br><br>Scheduling Conference<br>Date:  November 21, 2016<br>Time:  2:00 P.M.<br>Room:  Royball Room 880 |

TO THE HONORABLE PHILIP S. GUTIERREZ:

Pursuant to the Federal Rule of Civil Procedure 26 and Local Rule 26-1, and the Order Setting Scheduling Conference, the parties to the above-entitled action submit this Joint Report Re Early Meeting Of Counsel and Proposed Order and request the Court to adopt it as its Scheduling Order in this case.

I.      PARTIES ATTENDING RULE 26 MEETING.

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held electronically, and was attended by Robert F. Brennan, Esq. on behalf of Plaintiff MENDE LEONE, Thomas Quinn, Esq. on behalf of Equifax Information Services LLC,

Debbie P. Kirkpatrick, Esq. on behalf of R.M. Galicia, Inc. dba Progressive Management Systems and Shawn Eldridge on behalf of California Business Bureau, Inc. ("CBB") and Credit Management, Inc ("CMI").

## II. BRIEF FACTUAL SUMMARY OF THE CASE INCLUDING THE CLAIMS BEING ASSERTED [Note: Specific Info Requested Per the Court's Order]

(a) Plaintiff's Statement of the Case

Plaintiff has pleaded claims under the Federal Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, the Federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act against based on the following facts:

On or about early October 2013, Plaintiff discovered that TRANSUNION and EQUIFAX were reporting inaccurate information on her credit profile. Plaintiff disputed with TRANSUNUION for reporting Progressive Management Systemss, Account #1983xxx; Original Amount $820; Original Creditor: Providence St. Joseph Medical Center. Plaintiff also submitted documentation from St. Joseph Medical Center as evidence that she did not owe the debt.

At the same time, Plaintiff sent a dispute letter to EQUIFAX disputing two accounts. One was California Business Bureaus, Account xxx616284101; Amount: $140; Client: Hollywood Community Hospital. Plaintiff also submitted documentation from Hollywood Community Hospital as evidence that she did not owe the debt. The second account was Credit Management, account #5277xxxx; Amount: $88; Original Creditor: Charter Cable. Plaintiff submitted documentation from Charter proving she did not owe the debt.

Plaintiff alleges that TRANSUNION and EQUIFAX forwarded notices of plaintiff's disputes to defendants CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS, each of which in turn communicated back to TRANSUNION and EQUIFAX to maintain the derogatory credit reporting with these credit bureaus.  Plaintiff then received

updated credit reports in 2013 from EQUIFAX and TRANSUNION but the CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS accounts remained unchanged. They did however indicate that Plaintiff disputed the accounts by inserting the "Consumer Disputes" phrase.

On about March 3, 2016, TRANSUNION provided Plaintiff with a credit that was still displaying the derogatory PROGRESSIVE MANAGEMENT SYSTEMS collection account.

On or about March 29, 2016, EQUIFAX provided Plaintiff with a credit report still displaying CREDIT MANAGEMENT and CALIFORNIA BUSINESS BUREAU collection accounts.

Plaintiff has disputed by phone on several occasions and by correspondence and has received updated credit reports form EQUIFAX and TRANSUNION but the CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS collection accounts remained unchanged. The accounts continued to indicate that Plaintiff disputed the accounts with "Consumer Disputes" language. Plaintiff alleges that EQUIFAX and TRANSUNION sent notices of plaintiff's disputes to CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS on some or all of the occasions she lodged disputes, but CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS willfully and negligently failed to conduct reasonable reinvestigations as required by the Fair Credit Reporting Act. Plaintiff also alleges that she provided sufficient information to EQUIFAX to demonstrate that the disputed reporting was false and inaccurate, yet EQUIFAX willfully and negligently failed to correct the negative reporting from CREDIT MANAGEMENT, CALIFORNIA BUSINESS BUREAU and PROGRESSIVE MANAGEMENT SYSTEMS.

Plaintiff believes she has been severely damaged by the derogatory accounts appearing on her credit profile, including being denied credit due to inaccurate collection activity appearing on her credit report.

Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from their credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

(b)     Defendant Equifax's Statement of the Case:

Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's disputes in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action. Equifax further asserts that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

(c)     Defendant Progressive Management Systems' Statement of the Case:

On September 6, 2011, Providence St. Joseph Medical Center placed an account with PMS for collection in the name of Shirl L.Cook (a name by which plaintiff was formerly known) with an original balance of $820.00. PMS has no record of communication with plaintiff. Upon plaintiff's dispute of the account in October/November 2013 through the credit bureaus, PMS updated the account as

disputed.  PMS undertook no further collection activity with respect to the debt following plaintiff's dispute.  When plaintiff again disputed the debt in March 2016, PMS elected to request deletion of the account from plaintiff's credit report and submitted a deletion request on March 18, 2016.  PMS denies plaintiff's claims of wrongdoing, liability and damages.

(d)  Defendant Credit Management's Statement of the Case: Defendant denies Plaintiff's allegations and contends that its conduct complied with the FCRA, FDCPA and CCRAA.  Defendant disputes any wrongdoing. Defendant also denies the damages claimed against Defendant.

(e)  Defendant California Business Bureau's Statement of the Case: Defendant denies Plaintiff's allegations and contends that its conduct complied with the FCRA, FDCPA and CCRAA.  Defendant disputes any wrongdoing. Defendant also denies the damages claimed against Defendant.

## III.  MATTERS TO BE ADDRESSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

1.1  Proposed Schedule

The parties set out a detailed, proposed schedule as Exhibit A attached hereto.  The parties agree on all dates set forth in Exhibit A.

1.2  Fed.R.Civ.P.26(f)(3)(A):   Initial Disclosures

The parties propose no changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by **November 21, 2016** (at least 14 days after the discovery plan conference.)  Plaintiff requests that the following documents be included in the

Defendants' initial disclosures:

<u>Equifax</u>
Any and all documents maintained by Equifax concerning Plaintiff's disputes, including but not limited to:
Name Scans (snapshots Equifax takes of its database each month).
Combine Audit Logs, aka Online Combine Audit Logs: a log created for each time Equifax's system mixes two files together after an inquiry is made.
Audit 16 Records: a record of each change made to Plaintiff's file by an Equifax employee.
Invoice Details: bills sent to Equifax customers who pull Plaintiff's file.
Journal 20 Records
History Search Summary Screens
Public Records Set Detail Screens
Trade Set Detail Screen
Expanded Trade Set Detail Screen

<u>CREDIT MANAGEMENT, LP Documents</u>
Account notes, any account history, any call logs, any ACDV's and responses to TRANSUNION, EQUIFAX, and/or EXPERIAN regarding Plaintiffs' disputes, correspondence with Plaintiffs, any record of any communications with Plaintiffs, any record or documentation of investigation of Plaintiff's dispute, names of any and all witnesses who actually handled any aspect of Plaintiff's disputes with a brief description of what each one did in the dispute process.

<u>PROGRESSIVE MANAGEMENT SYSTEMS Documents</u>
Account notes, any account history, any call logs, any ACDV's and responses to TRANSUNION, EQUIFAX, and/or EXPERIAN regarding Plaintiffs' disputes, correspondence with Plaintiffs, any record of any communications with Plaintiffs, any record or documentation of investigation of Plaintiff's dispute, names of any and all witnesses who actually handled any aspect of Plaintiff's disputes with a brief description of what each one did in the dispute process.

<u>CALIFORNIA BUSINESS BUREAU Documents</u>
Account notes, any account history, any call logs, any ACDV's and responses to TRANSUNION, EQUIFAX, and/or EXPERIAN regarding Plaintiffs' disputes, correspondence with Plaintiffs, any record of any communications with Plaintiffs, any record or documentation of investigation of Plaintiff's dispute, names of any and all witnesses who actually handled any aspect of Plaintiff's disputes with a brief description of what each one did in the dispute process.

Equifax states that Fed.R.Civ.P. 26(a)(1)(A)(ii) does not grant Plaintiff the right to demand or request that specific categories of documents be produced by Equifax to Plaintiff along with Equifax's Initial Disclosures. Equifax is required only to provide "a copy or a description by category and location" of documents that it "has in its

possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Any demand or request for the production of documents as part of Equifax's Initial Disclosures only serves to short-circuit the discovery rules, limitations, and procedures. Equifax will not respond substantively to each specific request at this time, and reserves the right to assert any and all objections to requests for such documents should Plaintiff seek them in the proper course of discovery.

CMI and CBB reserves the right to raise any and all objections to requests for documentation during discovery.

Progressive Management System states there is no authority for plaintiff to request that defendant include particular information in its initial disclosures and reserves all objections.

### 1.3   Fed.R.Civ.P.26(f)(3)(B):  Scope of Discovery

The parties do not believe that discovery should be conducted in phases. Furthermore, the parties do not believe that discovery should be limited to or focused on particular issues.

The parties anticipate that discovery will be needed on the issues framed by the pleadings, including, without limitation:

(a)   Plaintiff's Scope of Discovery

The plaintiff claims that defendants engaged in unlawful credit reporting and debt collection activities against him. Plaintiff claims that defendants treated him as the debtor of a debt that was not owed. Plaintiff has pleaded claims under the federal Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, the federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act.

(b)   Defendant Equifax's Scope of Discovery

Discovery will be needed on Plaintiff's claims, Defendant's defenses, the extent to which Plaintiff has or has failed to make out the elements of her claims, the existence and extent of Plaintiff's alleged damages, the causal relationship or lack

thereof between Plaintiff's alleged damages and any action or inaction of Equifax, and any and all other properly discoverable information.

(c) Defendant Progressive Management Systems' Scope of Discovery

PMS will issue written discovery concerning plaintiff's factual allegations and alleged damages and conduct plaintiff's deposition.

(d) Defendant Credit Management's Scope of Discovery:

Defendant intends to seek discovery regarding: documentation regarding Plaintiff's credit history, credit reports, credit applications within the past three years, denials of credit within the past three years, disputes with credit bureaus, and documentation regarding any actual damages. Defendant may need additional discovery depending on what information is provided and depending on how the parties maintain their data.

(e) Defendant California Business Bureau's Scope of Discovery

Defendant intends to seek discovery regarding: documentation regarding Plaintiff's credit history, credit reports, credit applications within the past three years, denials of credit within the past three years, disputes with credit bureaus, and documentation regarding any actual damages. Defendant may need additional discovery depending on what information is provided and depending on how the parties maintain their data.

1.4   Fed.R.Civ.P.26(f)(3)(C):  Electronically Stored Information

The parties do not anticipate any issues regarding the production of electronically stored information, but they will seek to resolve such issues in good faith as they may arise.

1.5   Fed.R.Civ.P.26(f)(3)(D):  Privilege, Work Product, and Protective Order

The parties intend to file a joint protective order in order to maintain the confidentiality of sensitive information disclosed in discovery by the parties.

1.6   Fed.R.Civ.P.26(f)(3)(E):  Changes to FRCP/Local Rule Limitations on Discovery

Other than stated below, the parties do not believe it is necessary to alter the limitations regarding discovery set forth in the Federal Rules of Civil Procedure or the Local Rules and do not believe any other limitations on discovery need be ordered.

(a) Plaintiff objects to overly intrusive or irrelevant discovery as follows: Plaintiff's counsel is familiar with some (certainly not all) defense counsel recently making unnecessarily burdensome, harassing, intrusive and irrelevant inquiries into Plaintiff's life and circumstances. In this regard, Plaintiff and Plaintiff's counsel wish to state in this report that discovery into Plaintiff's personal medical and employment records shall meet with objection, unless such discovery should become relevant due to the particular circumstances of this case, or by court order. Similarly, discovery into Plaintiff's financial circumstances in the period immediately surrounding the events in question shall meet with cooperation unless other circumstances provide basis for discovery objection, but discovery into financial events or circumstances remote in time shall meet with objection.

(b) Equifax has not as yet made *any* inquiries "into Plaintiff's life and circumstances" or "financial events or circumstances remote in time," as discovery has not yet begun. However, Equifax reserves the right to seek any and all discoverable information, including personal, medical, and employment records and information and all relevant financial events or circumstances even those remote in time.

(c) CBB and CMI reserve the right to seek any discoverable information relevant to the claims in this matter.

(d) Progressive Management Systems has not issued discovery to date, but reserves the right to seek discoverable information.

1.7   Fed.R.Civ.P.26(f)(3)(F):  Other Orders

Other than stated below, the parties do not believe that there are other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

(a) FRCP 26(c) Protective Orders

(i) Plaintiff objects to any proposed protective orders which violate the

Federal Rules of Civil Procedure, the Federal Rules of Evidence or which place unnecessary burdens upon Plaintiff in discovering the facts of this case. Plaintiff stands willing to enter into a protective order to protect from unnecessary disclosure of Plaintiff's social security number (which could be stolen from public records), and any of defendant's documents or policies which meet the requirements of the Uniform Trade Secrets Act.

 (ii) Defendants CMI and CBB anticipate the need for a protective order may arise.

 (iii) Defendant Equifax anticipates the need for a protective order, but objects to Plaintiff's attempt to circumscribe the scope of any protective order. Equifax will work with the other parties to craft an appropriate protective order for the Court's consideration if and when that becomes necessary.

**IV. MATTERS TO BE ADDRESS PURSUANT TO L.R. 26-1(a)-(f)**

 2.1 Local Rule 26-1(a):  Complex Case

The parties do not believe this is a complex case or that the Manual For Complex Litigation should be utilized.

 2.2 Local Rule26-1(b):  Motion Schedule

Plaintiff anticipates filing a motion for summary judgment motion and/or summary adjudication after the completion of discovery.

Defendants anticipate filing a motion for summary judgment and/or summary adjudication within the prescribed schedule (attached as Exhibit A).

As set out in Exhibit A, the parties agree that dispositive motions shall be noticed for a hearing to occur no later than 30 days before trial.

 2.3 Local Rule 26-1(c):  Settlement and Settlement Mechanism

The parties have engaged and are continuing to engage in settlement discussions, which have been unsuccessful to date. Pursuant to Central L.R. 16-15, the parties select settlement ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected

from the Court's Mediation Panel for mediation, and/or ADR PROCEDURE NO. 3 - The parties shall participate in a private dispute resolution proceeding.

    2.4    Local Rule 26-1(d):  Trial Estimate

The parties estimate a trial length of 4-5 days.

    2.5    Local Rule 26-1(e):  Additional Parties

The parties do not intend to add any parties prior to trial.

    2.6    Local Rule 26-1(f):  Expert Witnesses and Expert Discovery

The parties propose that Federal Rule of Civil Procedure 26(a)(2) govern expert discovery in this matter and agree that expert discovery should proceed according to the schedule set forth in Exhibit A.

                          LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

Dated:  November 7, 2016        By: /s/ Robert F. Brennan
                                           Robert F. Brennan
                              Attorneys for Plaintiff MENDE LEONE

                              NOKES & QUINN

Dated:  November 9, 2016        By: /s/ Thomas P. Quinn
                                           Thomas P. Quinn
                              Attorneys for Defendant Equifax Information Services

Dated:  November 7, 2016        By: /s/ Debbie P. Kirkpatrick
                                           Debbie P. Kirkpatrick
                              Attorneys for Defendant R.M. Galicia, Inc. dba Progressive Management Systems

Dated: November 4, 2016         By: /s/  Shawn S. Eldridge
                              David J. Kaminski
                              Shawn S. Eldridge
                              Attorneys for CREDIT MANAGEMENT, INC and CALIFORNIA BUSINESS BUREAU, INC.

# EXHIBIT A: PROPOSED SCHEDULE

| Event | Scheduling | Date |
|---|---|---|
| Initial Expert Disclosures | 120 days before trial | |
| Rebuttal Expert Disclosures | 90 days before trial | |
| Discovery Cut Off (Fact and Expert) | 65 days before trial | |
| Meeting of Counsel Before Final Pre-Trial Conference (FPTC) | 40 days before FPTC | |
| Dispositive Motions Hearing Cut-Off | 30 days before trial | |
| Final Pre-Trial Conference | 7 days before trial | |
| Jury Trial | | |